## Ellis, Appellant, *v.* Atlantic Refining Co.

Argued October 6, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

288

*Clark D. Beggs,* for appellant.

*Samuel W. Pringle,* of *Dalzell, Dalzell, McFall & Pringle,* for Pennsylvania Railroad Co., appellee, was not heard.

PER CURIAM, November 28, 1932:

Appellant's husband met his death in a grade crossing accident when the locomotive of which he was engineer crashed into a gasoline truck of the Atlantic Refining Company. The widow was awarded compensation for herself and minor child in accordance with the Workmen's Compensation Act in the total amount of $2,-731.14, of which award the sum of $1,927.71 has been paid to the widow by the employer, the Pennsylvania Railroad Company, appellee. The obligation to pay the balance of $803.43 is admitted. Appellant also sued the Atlantic Refining Company to recover damages for the death of her husband and obtained a verdict in her favor of $9,560. After verdict, but before judgment and before any amount had been paid on account of the verdict, the railroad company presented its petition for subrogation at the number and term of this action, having previously, on February 10, 1928, given written notice to the Atlantic Refining Company of its right of subrogation. A rule to show cause was granted upon the peti-

tion. After argument the lower court granted the application and made absolute the rule directing that the sum of $1,927.71 be set apart from the verdict for the use of and to be paid to petitioner and the balance of compensation payable, to wit: the sum of $803.43, be awarded plaintiff to be treated as an advance payment by petitioner on account of the balance of compensation payable. Plaintiff appealed from this order.

The costs and expenses, including attorney's fee, of plaintiff's suit against defendant exceeded thirty-five hundred dollars. Appellant contends the employer should bear this expense to the extent of the amount of the compensation award, and the award should be applied toward its payment. We have not been referred to any authority, statutory or otherwise, sustaining such contention. On the contrary, by the terms of section 319 of the Act of June 2, 1915, P. L. 736 (the Workmen's Compensation Act), "the employer or insurance company has the right to be subrogated in any verdict recovered for the amount to be paid by virtue of the compensation agreement or order of the board:" Lengle et al. v. North Lebanon Twp., 274 Pa. 51, 54. "......in using the word 'recovery' the legislature had in mind the net amount recovered in the action after payment of reasonable fees and necessary expenses to the attorneys producing the fund:" Wilson v. Pittsburgh Bridge & Iron Works, 85 Pa. Superior Ct. 537, 541.

The court below correctly held that, regardless of petitioner's right to subrogation, plaintiff would still be entitled only to the net amount of her verdict against the defendant, subject to the attorney's lien against the fund for services. It follows that the expenses of the action must be first deducted from the verdict, after which the employer is entitled to receive, from the balance, the amount of compensation already paid, and be relieved from future payments, when as here, the fund is sufficient to pay all these amounts and leave a substantial sum to plaintiff. We are in accord with the learned

judge of the court below in saying that, "to allow subrogation to reduce the amount of compensation which an injured employee or his dependents would receive would be inequitable. But so long as the total award of compensation is preserved, no injustice is done."

The order of the lower court is affirmed at appellant's cost.