## Conrad *v.* Aero-Mayflower Transit Company (et al., Appellants).

Argued April 16, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

478

*Margaret M. Morrison,* with her *Wm. Anderson,* for appellants.

*John B. Nicklas, Jr.,* of *McCrady, Nicklas & Hirschfield,* with him *E. B. Wolfe,* for appellee.

OPINION BY KELLER, P. J., July 16, 1943:

The sole question raised by this appeal is the effect on the existing law of the amendment to the subrogation section, 319, of the Workmen's Compensation Act of 1915, P. L. 736, by the Act of June 4, 1937, P. L. 1552, p. 1575—which was left unchanged by the Act of June 21, 1939, P. L. 520, p. 545.

Section 319, as originally enacted, read as follows:

"Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. And recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

This section had been considered in two appellate court decisions,

In *Wilson v. Pittsburgh B. & I. Works*, 85 Pa. Superior Ct. 537, we rejected the contention of the employer that it was entitled to be subrogated out of the verdict obtained by the injured employee in an action against a third person whose negligence caused the injury, to the full extent of the amount payable under the compensation agreement, without any deduction for counsel fees to the attorneys who prosecuted the action; and we held, on equitable principles governing subrogation, that the attorney who prosecuted the action and secured the fund was entitled to retain out of the money paid to him in satisfaction of the verdict reasonable compensation for his services in the case and reimbursement of his expenses in connection with it; that in using the word 'recovery' the legislature had in mind the net amount recovered after payment of reasonable fees and necessary expenses to the attorneys producing the fund. The verdict in that case was for $4,133.40. The court awarded the attorneys $1,250 for attorneys' fees, leaving $2,883.40, of which $1,267 was awarded to the employer in reimbursement of compensation actually paid by it to the employee, and $1,616.40 was awarded to the employee plaintiff to be treated as an advance payment by the employer on account of future instalments of compensation payable under the agreement, which called for total compensation not exceeding $5,000. It will be noted that in that case the verdict was for less than the maximum compensation covered by the agreement.

In *Ellis v. Atlantic Refining Co.*, 309 Pa. 287, 163 A. 531, (1932), the plaintiff, widow of an employee of The Pennsylvania Railroad Company, whose husband had been killed in an accident, caused by the negligence of an employee of The Atlantic Refining Company, brought an action of trespass against the latter and recovered a verdict of $9,560. She had filed a claim for compensation with the Workmen's Compensation

480

Bureau and had been awarded compensation for herself and minor child in the total amount of $2,731.14, of which $1,927.71 had been paid by the employer when the verdict in the trespass action was rendered, and the balance, $803.43, was admitted to be payable. Before judgment was entered on the verdict, the employer presented its petition for subrogation, and obtained a rule to show cause, which the court made absolute and directed that the sum of $1,927.71 be set apart from the verdict for the use of and to be paid to the employer, and the balance of compensation payable, to-wit, the sum of $803.43 be awarded to the plaintiff as an advance payment by the employer on account of the balance of compensation payable. On appeal by plaintiff, the Supreme Court cited with approval the opinion in *Wilson v. Pittsburgh B. & I. Co.,* and affirmed the order, saying, inter alia: "The court below correctly held that, regardless of petitioner's right to subrogation, plaintiff would still be entitled only to the net amount of her verdict against the defendant, subject to the attorney's lien against the fund for services. It follows that the expenses of the action must be first deducted from the verdict, after which the employer is entitled to receive, from the balance, the amount of compensation already paid, and be relieved from future payments, when as here, the fund is sufficient to pay all these amounts and leave a substantial sum to plaintiff. We are in accord with the learned judge of the court below in saying that, 'to allow subrogation to reduce the amount of compensation which an injured employee or his dependents would receive would be inequitable. But so long as the total award of compensation is preserved, no injustice is done.'"

We have no doubt of the correctness of that decision under section 319 of the Workmen's Compensation Act as it then stood. But the net result was to charge the widow, alone, with the payment of all attorneys' fees

and expenses—in that case over $3,500—thus reducing her net recovery, over and above the *compensation* payable, to about $3,330, leaving the employer scot free of any risk for, or contribution to, the expenses of the trespass action. If the verdict had been against her, she would have had to pay all the costs and expenses without reimbursement by the employer; as it was favorable and the verdict was in excess of the compensation award, the employer received every dollar of compensation for which he was liable to the employee or his dependents, without contributing a penny to the payment of the attorney's services which produced the fund.

There was a feeling in many quarters that the net result was not wholly equitable, and that those who benefited from the recovery in similar circumstances should share the burdens of producing the fund in some proportion to their respective benefits.

In 1937, section 319 was amended by inserting immediately after "the employer shall be subrogated to the right of the employe or the dependents against such third person," the words "less reasonable attorney's fees and other proper disbursements", so that the section as amended now reads—the amendment being in italics:

"Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, *less reasonable attorney's fees and other proper disbursements,* but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

We think the purpose of the amendment was to make

the employer, where the verdict exceeded the amount payable under the compensation agreement, chargeable, as to moneys paid back to it, with a proportionate amount of the reasonable attorney's fees and proper expenses or disbursements incurred in producing the fund, instead of imposing them entirely on the injured employee and his dependents. We can see no other purpose for its enactment, for under the decisions in *Wilson v. Pittsburgh B. & I. Co.,* supra, and *Ellis v. Atlantic Refining Co.,* supra, a reasonable fee for the attorney who produced the fund and the amount of his necessary and proper expenses were to be paid out of the fund before there was any distribution of the balance between employer and employee; and the law was so well settled as to need no amendment or further clarification, if it was to remain as it had been.

Application of the amendment, so construed, to the facts in this case, gives us the following:

Plaintiff, an employee of the Pittsburgh Railways Company, when forty-two years old, was very badly injured in an accident caused by the negligence of Aero-Mayflower Transit Company.

A compensation agreement was entered into with his employer, under the provisions of the Act of June 4, 1937, P. L. 1552, by which he was to receive—if his disability remained total and was permanent—$18 per week for 500 weeks, and thereafter the sum of $30 per month as long as he lived and was totally and permanently disabled. $3,145.43 had been paid by the employer under this compensation agreement when the order appealed from was entered.

The plaintiff brought an action of trespass against Aero-Mayflower Transit Company and recovered a verdict of $34,730.30, which was settled by agreement of all parties for $30,000.

Attorneys' fees of $12,000 and expenses of $546.10 were paid out of this fund. The employer did not ques-

tion the reasonableness of the attorneys' fees. The question at issue was whether the employer should be chargeable with 40% [$12,000 is 40% of $30,000] of the $3,145.43 recovered for it by this action, as attorneys' fees, or whether it should receive the full amount, leaving the plaintiff to bear all the attorneys' fees and expenses out of the excess payable to him over and above the compensation agreement. The court below decided that under the amendment of 1937 the employer must contribute 40% of the amount paid it by way of subrogation, as its proportion of the attorneys' fees, or $1,258.17, leaving the balance to be paid out of the employee's own damages. We believe that is a fair construction of the amendment. It does not amount to double payment of the attorneys' fees, as claimed by appellants. It simply allocates the payment of those fees in proportion to the moneys received by employer and employee respectively out of the net recovery in the trespass action.

Order affirmed at the costs of appellants.