Opinion by
 

 Dithrich, J.,
 

 Appellant brought suit in trespass to recover damages for personal injuries resulting from an automobile accident. He obtained a verdict and, after motions for a new trial and judgment n. o. v. were filed, settled for $3500. Since the accident occurred while appellant was in the course of his employment, his employer’s insurance carrier entered into a compensation agreement with him and paid him $679, taking his final termination receipt for the amount. His attorney was entitled to 40 per cent of $3500 under a contingent fee contract. The employer’s insurance carrier contends that its right of subrogation entitles it to $679 of the balance. Appellant takes the position that a proportionate share of the attorney’s fee should first be charged against the $679, and obtained a rule to show cause against the two insurance carriers involved. The court below discharged the rule, holding that the employer was entitled to receive the full amount of compensation payments advanced.
 

 The sole question at issue therefore is: Should the employer’s subrogation claim be reduced by a proportionate share of the employee’s counsel fees where recovery has been had against a third party tortfeasor?
 

 The precise question was first before the courts in
 
 Ellis v. Atlantic Refining Co.,
 
 309 Pa. 287, 163 A. 531, on appeal from a decision of the Court of Common Pleas of Allegheny County. The Supreme Court affirmed in ti Per Curiam opinion, the gist of which was that “the expenses of the action must be first deducted from the verdict, after which the employer is entitled to receive, from the
 
 balance,
 
 the amount of compensation already paid, and be relieved from future payments, when as here, the fund is sufficient to pay all these amounts and leave a substantial sum to plaintiff.” (Emphasis added.)
 

 
 *235
 
 To get around that decision concerning which, in the words of President Judge Keller of this Court in
 
 Conrad v. Aero-Mayflower Transit
 
 Co., 152 Pa. Superior Ct. 477, 480, 33 A. 2d 91, there was “no doubt of . . . [its] correctness . . . under section 319 of the Workmen’s Compensation Act as it then stood,” the section was amended in 1937 by inserting immediately after the words “the employer shall be subrogated to the right of the employe or the dependents against such third person,” the words “less reasonable attorney’s fees and other proper disbursements, . . .”
 

 With further reference to the
 
 Ellis
 
 case, Judge Keller continued, pages 481, 482: “There was a feeling in many quarters that the net result was not wholly equitable, and that those who benefited from the recovery in similar circumstances should share the burdens of producing the fund in some proportion to their respective benefits. . . .
 

 “We think the purpose of the amendment was to make the employer, where the verdict exceeded the amount payable under the compensation agreement, chargeable, as to moneys paid back to it, with a proportionate amount of the reasonable attorney’s fees and proper expenses or disbursements incurred in producing the fund, instead of imposing them entirely on the injured employee and his dependents. We can see no other purpose for its enactment, for under the decisions in Wilson v. Pittsburgh B. & I. Co., supra [85 Pa. Superior Ct. 537], and Ellis v. Atlantic Refining Co., supra, a reasonable fee for the attorney who produced the fund and the amount of his necessary and proper expenses were to be paid out of the fund before there was any distribution of the
 
 balance
 
 between employer and employee; and the law was so well settled as to need no amendment or further clarification, if it was to remain as it had been.” (Emphasis added.)
 

 
 *236
 
 Section 319 was further amended by the Act of May 18,1915, P. L. 671, 77 PS §671, as follows: “Section 319. [Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, less reasonable attorney’s fees and other proper disbursements.]
 
 Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third pm-ty for the balance of any sum recovered in litigation, or paid in compromise settlement, after subtraction of reasonable attorney’s fees and other proper disbursements, . .
 
 .”
 

 When that amendment was first before this Court in
 
 Funk v. Buckley & Co., Inc.,
 
 158 Pa. Superior Ct. 586, 15 A. 2d 918, we said, at page 592, speaking through Reno, J.: “Under a title announcing that the purpose of the act was
 
 cchaA%ging employer’s rights of subrogation’,
 
 the legislature enacted into law appellants’ theory of this case [as stated in the court below] by amending §319, supra, so that it now reads: ‘Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe,
 
 his personal representative, his estate
 
 or his dependents . . .’” (Emphasis added.)
 

 But that was not the only change in the “employer’s rights of subrogation.” If the substitution of the words “after subtraction of reasonable attorney’s fees, etc.” was all there was to that portion of the amendment, we would agree with appellant that the section had not been materially changed in that respect. But the insertion of the words “for the
 
 balance
 
 of any sum” before the words “after subtraction of reasonable attorney’s fees” permits of no other conclusion than that it was
 
 *237
 
 the legislative intent to reestablish the law as it was at the time of the decision in
 
 Ellis v. Atlantic Refining Co.,
 
 supra, to wit, that “the expenses of the action must be first deducted from the verdict, after which the employer is entitled to receive, from the
 
 balance,
 
 the amount of compensation already paid, . . .” (Emphasis added.)
 

 Order affirmed.