**Pennsylvania Manufacturers' Association Insurance Company v. Wolfe**

C.P. of Dauphin County, no. 3233 S 1985.

*Dennis J. Bonetti,* for plaintiff.
*Richard C. Angino,* for defendant.

EVANS, *J.,* April 25, 1995—

"It looked extremely rocky for the Mudville nine that day;

The score stood two to four[1]

with but one inning left to play. . ."

Once upon a time, Pennsylvania Manufacturers' Association Insurance Company, Mr. Wolfe's worker's compensation carrier, joined in the settlement of a personal injury claim with Mr. Wolfe as negotiated by Richard C. Angino, Esquire. Shortly thereafter PMA brought a direct action against both Wolfe and Wolfe's attorneys, Richard C. Angino, and Angino & Rovner, P.C., claiming that its statutory subrogation lien under the Workers' Compensation Act, 77 P.S. §671, had priority over Angino & Rovner's rights to attorney's fees. Further, that Richard C. Angino himself, and Angino & Rovner, P.C. were guilty of legal malpractice and other similar nefarious conduct.

The trial court held in favor of PMA only on the "priority" issue and dismissed PMA's suit against Richard C. Angino and Angino & Rovner, P.C. The Superior Court affirmed both decisions. The Pennsylvania Supreme Court affirmed Richard C. Angino and Angino & Rovner, P.C.'s dismissal and also reversed the lower court on the priority issue. It held that Angino & Rovner, P.C., as the attorneys who created the fund in the third

---

1. Scoring (issues decided) as follows: Trial Court, PMA-1 Angino-1; Superior Court, PMA-1 Angino-1; Supreme Court, PMA-0 Angino-2; thereby resulting in the aggregate, at this stage: PMA-2 Angino-4.

party settlement, had priority over the compensation carrier's subrogation lien.[2]

The Supreme Court reversed the Superior Court and held in favor of the defendants on all counts. Thereafter, because the defendants were the prevailing party, they filed a bill of costs with the prothonotary, to which PMA has objected. "I suppose it's not what you pay a man but what he costs you that counts."[3]

PMA raises essentially three issues with regard to the proposed bill of costs. Generally, PMA objects to the award basing its contention on the matter being a "public issue" and is one where "the applicable law was uncertain according to 42 Pa.C.S. §1726(2)(ii).[4] Secondarily, they also attack the specific costs as being

---

2. *Pennsylvania Manufacturers' Association Insurance Co. v. Wolfe,* 534 Pa. 68, 626 A.2d 522 (1993).

3. Will Rogers, *Weekly Articles,* March 22, 1925.

4. "42 Pa.C.S. §1726 Establishment of taxable costs—The governing authority shall prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs, the litigants who shall bear such costs, and the discretion vested in the courts to modify the amount and responsibility for costs in specific matters. All system and related personnel shall be bound by such general rules. In prescribing such general rules, the governing authority shall be guided by the following considerations, among others:

"(1) Attorney's fees are not an item of taxable costs except to the extent authorized by section 2503 (relating to right of participants to receive counsel fees).

"(2) The prevailing party should recover his costs from the unsuccessful litigant except where the:

"(i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.

"(ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law.

"(iii) Application of the rule would work substantial injustice.

(a) limited to the briefs and reproduced record attaining the "final judgment" and (b) a copying rate set unreasonably higher than such rates generally charged in this Commonwealth.

Beginning in reverse order, this court summarily dismisses the allegation that a 25 cent per page copying fee as unreasonable is preposterous. Although PMA submitted an estimate of commercial printing and binding at a cost lower than the Angino & Rovner, P.C. rate, such submission is hardly dispositive or enlightening. The County of Dauphin itself charges a copying rate twice that sought by Angino & Rovner, P.C.

". . . strike one . . ."

PMA raises the question of what is contemplated as reimbursement in acquiring "final judgment." Is it the costs incurred (as PMA suggests) solely to the court last reviewing the matter or in the entire appellate process to receive final determination. Further, are the reimbursable costs limited to less than those itemized by Angino?

PMA claims that since the defendants did not prevail at the Superior Court level, they are not entitled to any of the costs incurred at that level in their bill of costs. Such a position is untenable in light of the rules governing appeal costs and applicable case law.

Pa.R.A.P. 2741, indicates that where an order is reversed, "costs shall be taxed against the appellee unless otherwise ordered. . . ." Pa.R.A.P. 2741(4). Since the Pennsylvania Supreme Court reversed the Superior Court, the rule specifically provides that costs shall

"(3) The imposition of actual costs or a multiple thereof may be used as a penalty for violation of general rules or rules of court." 1976, July 9, P.L. 586, no. 142 §2, effective June 27, 1978.

be taxed against the appellee, PMA, in the instant action. In the case of *DeAngelis v. Newman,* 350 Pa. Super. 536, 504 A.2d 1279 (1986), the Superior Court stated the obvious:

"Costs are meant to follow the final judgment in a case, as a careful reading of Pa.R.A.P. 2741 reveals. Costs relate to the *final* judgment on the substantive issues. . . ." *Id.* at 548, 504 A.2d at 1286. (emphasis added)

The "final judgment" in this matter was rendered by reversing the Superior Court and finding in favor of the defendants, Wolfe and his attorneys.

Additionally, PMA argues that a number of the documents filed by the defendants, including a petition for allowance of appeal, reply to PMA's cross-petition for allowance of appeal, application for relief, and answer in opposition to PMA's application for reargument are not recoverable costs. PMA cites to the case of *Lily-Penn Food Stores Inc. v. Commonwealth, Milk Marketing Board,* 84 Pa. Commw. 585, 481 A.2d 683 (1984) as standing for that proposition. However, a review of the *Lily-Penn* case indicates it makes no such ruling.

The bill of costs, as submitted by Wolfe and Angino & Rovner, P.C. is essentially an itemization of the filed paper books contemplated in Pa.R.A.P. 2742 as taxable costs.

A paper book is defined as:

"A printed collection or abstract, in methodical order, of the pleadings, evidence, exhibits and proceedings in a cause, *or whatever else may be necessary to a full understanding of it* prepared for the use of the judges upon a hearing or argument on appeal. Copies of the proceedings on an issue in law or demurrer, of cases, and of the proceedings on error, prepared

for the use of the judges, and delivered to them previous to bringing the cause to argument."[5]

Our appellate rules, Pa.R.A.P. 102 more specifically define "paper books" as:

"Briefs and reproduced record. The term does not include application for reconsideration of denial of allowance of appeal under Rule 1123(b) (reconsideration) or applications for reargument under chapter 25 (post-submission) proceedings."

Therefore, the itemized documents[6] for which Mr. Wolfe and his attorneys seek reimbursement from PMA fall under the definition of paper books, and, therefore, are taxable against the losing party, here PMA.

". . . strike two . . ."

Lastly, we consider the general issues involving 42 Pa.C.S. §1726(2). Although the respondent did not raise this section in its answer to the bill of costs, PMA now argues that no costs should be paid by virtue of an exception to the general rule that holds that the prevailing party should not recover its costs where the "[q]uestion involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law." 42 Pa.C.S. §1726(2)(ii).

Clearly, the issue involved in PMA's suit of the defendants is not a public question, but one that involved PMA's attempt to place itself in a better position and to grant to itself greater rights, a priority to the injured employee or his attorneys.

---

5. Black's Law Dictionary, 4th edition, 1951.

6. Mr. Wolfe and his attorneys withdrew their request for the $90 reimbursement for their application for reargument in the Superior Court.

As the Supreme Court noted, PMA cannot expect to receive money before the injured employee has the right to receive money and cannot expect to receive money without first paying his contractual obligation incurred in return to the attorney's work in creating the fund. *Wolfe, supra* at 76, 626 A.2d at 526. More aptly put, "You can't have a picnic lunch unless the party carrying the basket comes."[7]

The Supreme Court went on to comment in a footnote:

"Under prior worker's compensation statutes, this court held that the employer's right of subrogation extends only to the *net* amount of a verdict against a third party wrongdoer after deducting attorney fees and expenses. See *Ellis v. Atlantic Refining Co.,* 309 Pa. 287, 163 A. 531 (1932). See also, *Wilson v. Pittsburgh Bridge and Iron Works,* 85 Pa. Super. 537 (1925); *Vitello v. Mazen,* 19 W.C.B. 193 (1936); and see Skinner, Workmen's Compensation Law of Pennsylvania, Vol. II, (Geo. T. Bisel Co., 1947), pp. 921-923." *Wolfe, supra* at 76 n.3, 626 A.2d at 526 n.3.

Moreover, the Supreme Court went on to show that the Superior Court decision in this case conflicts with both the Supreme Court decision in *Rollins Outdoor Advertising v. W.C.A.B.,* 506 Pa. 592, 487 A.2d 794 (1985) and the Superior Court in *Furia v. Philadelphia,* 180 Pa. Super. 50, 118 A.2d 236 (1955). Additionally, the Supreme Court noted that the Superior Court panel in this case overruled another panel's decision sub silentio in *Johnson v. Sears, Roebuck & Co.,* 291 Pa. Super. 625, 436 A.2d 675 (1981).

". . . And somewhere men are laughing,

and somewhere children shout,

---

7. Will Rogers, *Daily Telegrams:* January 21, 1932.

30

But there is no joy in Mudville—
mighty Casey has struck out."[8]

ORDER

Accordingly, April 25, 1995 [9] the amount of $5,932.50 is hereby awarded to Angino & Rovner, P.C. and against Pennsylvania Manufacturers' Association Insurance Company as itemized in defendants' bill of costs.[10]

8. Casey at the Bat by Ernest Lawrence Thayer, *The San Francisco Examiner,* June 3, 1888.

9. Ironically this opinion commemorates the first day of the Major League Baseball regular season 1995.

10. The award of attorney's fees herein was given due and serious consideration prior to this court's resolving to merely mention it in this footnote . . . hopefully that should suffice.