## Plentnick v. Philadelphia & Reading C. & I. Co., Appellant.

Argued February 3, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*George Ellis,* with him *B. D. Troutman* and *John F. Whalen,* for appellant.—It is proved by the preponderance of the testimony that Plentnick violated Rules 29 and 30 of the Anthracite Mine Law, and that it is not necessary to prove this beyond reasonable doubt: Floyd v. Coal Mining Co., 94 Pa. Superior Ct. 1.

*Roger J. Dever,* for appellee.—If the record contains any competent evidence on which the findings of the compensation authorities are made, courts are concluded thereby: Slemba v. Hamilton & Son, 290 Pa. 267; Ford v. Dick Co., 288 Pa. 140; Gailey v. Ins. Fund, 286 Pa. 311.

It is the duty of the compensation authorities to reconcile conflicting testimony in a claim under the Workmen's Compensation Act: Labuck v. Coal Co., 292 Pa. 284; Johnston v. Construction Co., 292 Pa. 509; Kirischunas v. C. & I. Co., 296 Pa. 216.

OPINION BY MR. JUSTICE FRAZER, March 17, 1930:

Claimant, a coal miner, was seriously injured while in the employ of defendant company by the premature explosion of dynamite which he was forcing into an opening drilled into the bed of coal preparatory to blasting and severing a portion of coal from the main body

and making it suitable for mining. On a claim filed with the compensation board, the referee entered an award in claimant's favor. This finding was sustained by the compensation board and the court below. From the judgment entered in claimant's favor we have this appeal.

The sole issue here is one of fact, the question being, was claimant using a wood tamping stick or a metal scraper to force the dynamite into the opening; if the latter device was used for that purpose in violation of the mining laws, his right to recover would be defeated. We are accordingly bound by the familiar rule that we can examine the record only to ascertain whether competent evidence is contained in the record to sustain the findings of the compensation authorities: Ford v. A. E. Dick Co., 288 Pa. 140, 147; Slemba v. Hamilton & Son, 290 Pa. 267, 268, 269.

Claimant testified positively he was using a wood tamping stick at the time of the explosion. While an explosion under such conditions is unusual, witnesses for defendant admitted having heard of explosions similar to the one here in controversy, where the workman used a wood stick for tamping purposes. The testimony to the contrary and in support of defendant's contention, that an iron scraper was being used by claimant to ram the dynamite into the opening, consisted of opinions of witnesses who had examined the mine following the explosion and based their conclusions on the fact of having found both a wood tamping stick and iron scraper lying on the floor of the mine, a short distance from the place of the accident, the former being uninjured and bearing no evidence of having been in an explosion, while the latter was damaged and bent at one end. Whatever conclusion we might reach, were it within our province to determine the weight of the testimony, it cannot be said that the acceptance by both the referee and the compensation board of the direct and positive statements of claimant, as against the mere inferences and conclusions

of defendant's witnesses to the contrary, constitutes a finding without support in the testimony. Quite the opposite is the irresistible conclusion.

The judgment of the court below is affirmed.