### Soliday *v.* Hires Turner Glass Co. et al., Appellants.

Argued March 21, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

re-argument refused July 1, 1958.

*Edmund B. Spaeth, Jr.,* with him *Frederick L. Fuges,* and *MacCoy, Evans & Lewis,* for appellants.

*Milford J. Meyer,* with him *Albert M. Hankin, Jacob B. Abrams,* and *Meyer, Lasch, Hankin & Poul,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

This is a Workmen's Compensation case where the injury was caused by the negligence of a third party. A settlement was made with the third party after compensation payment had been made. The question before us is whether the employer is liable for the pro-rata share of the fees based, not only upon the amount repaid, but also on the amount credited, to the employer on account of contingent liability for future installments of compensation?

The employee was injured on July 28, 1953 and received compensation for total disability under an open agreement to May 3, 1955. On May 3, 1955, employee's disability changed to a 25% partial for which compensation was awarded from May 3, 1955 to May 9, 1956. Since May 9, 1956, the claimant's earnings have been greater than or equal to the agreement wage and, therefore, the employer was entitled to a suspension.

The defendant carrier has paid on behalf of the claimant a fee equal to one-third of the sum which it had paid for compensation and medical expenses. It is agreed that the claimant received from the third party an amount in excess of the compensation liability of the defendant carrier.

The defendant carrier takes the position that it is required to pay a fee based only upon the amount actually recovered by it at the time of the settlement with the third party, or the amount paid out at the time of recovery. The board and the court below, however,

held that claimant was entitled to reimbursement for fees not only on the basis of the amount of actual reimbursement, but also on the basis of future compensation payments. In *Wilson v. Pittsburgh Bridge and Iron Works,* 85 Pa. Superior Ct. 537, we held that in using the word "recovery" the legislature had in mind the net amount recovered in the action after payment of reasonable fees and necessary expenses to the attorney producing the fund.

The subrogation section of the Act of 1951, May 29, P. L. 507, 77 P.S. section 671, provides as follows:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be pro-rated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

Our appellate courts' decisions in interpreting the legislative intent clearly announce the equitable principle that the employer must bear his proportionate share of the fee based upon the total amount which he would have been called upon to pay. *Furia v. City of Philadelphia,* 180 Pa. Superior Ct. 50, 118 A. 2d 236.

The case of *Pope v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company,* 176 Pa.

Superior Ct. 276, 107 A. 2d 191, cited by defendant carrier, is distinguishable from the instant case in at least two phases. In the *Pope* case no question was raised as to future savings nor was the problem of total disability considered. The employer there agreed to accept $3000.00 on its subrogation although it had actually paid $4,000.00 and the question there involved an obligation to pay a fee on $3,000.00.

Defendant contends that it is not practicable to determine just what that savings will be in the future and, therefore, it is impossible to determine its share of the fee based upon such contingencies. The claimant contends that the carrier is liable for one-third of the fees not only on the amount recovered at the time of settlement but also for one-third fee of the potential future compensation which may be paid to the claimant.

The referee's findings were that the defendant is liable for one-third of $2,725.31 for total disability paid, for one-third of $941.81 payable on account of partial disability and the sum of $30.12 interest, or the total sum of $1,232.55. The board in affirming the referee's findings, as far as they go, made its own findings that additional fees were due and payable as and if compensation continued, and that defendant was required to make periodic payments at the periods it would have paid compensation, subject to any rights due to modification, suspension or termination. The board also determined that said fee as to future payment should be at the rate of 25% instead of one-third weekly as the liability of the defendant accrues.

The court below affirmed the order of the board, noting in its opinion that no appeal was taken by claimant from the board's decision to reduce the counsel fee from one-third to 25% as to future payments. This question, therefore, is not before us. The order

of the board as affirmed by the court below is to the effect that defendants shall pay to claimant one-third of any amount of any credit for payment made or payable to May 9, 1956 and 25% of any payments which may become due and payable thereafter.

After a review of the Workmen's Compensation Act, its amendments and appellate decisions relating to this problem, it is difficult to come to any other conclusion than that reached by the court below in its clear and learned opinion. Section 319 of the Act, supra, provides that "reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe . . ." There is no difficulty with the application of the above provision where at the time of the third-party settlement the employer had paid all of the compensation to which the employe was entitled. In that case, the fees are prorated on the basis of the amount to which the employe is subrogated. The question before us, therefore, is how to prorate attorney's fees in a case where the total exposure has not been determined until the expiration of 300 weeks? Does the same rule apply in both cases subject, of course, to any termination, modification, suspension or reinstatement of claimant's disability and wage loss? If the third-party action were still pending and not settled until after the expiration of 300 weeks and the employer had fully paid all compensation due, he must prorate attorney's fees on the basis of the entire amount recovered by him.

In *Furia v. City of Philadelphia,* supra, we said that subrogation is an equitable doctrine and its basis is the doing of complete, essential and perfect justice between all parties without regard for form. The insurance carrier takes the position that it is not required to pay fees in excess of one-third of the amount actu-

ally recovered by it at the time of the settlement with the third party. The claimant maintains that he is entitled to one-third not only on the amount actually paid by the carrier but also to one-third of the future potential compensation which may be paid by the carrier.

Under the 1915 Act, counsel fees and costs were paid first out of the fund produced by the third party settlement; repayments to the employer of all payments made under the compensation act were next, and finally the employe received the balance. The 1937 Act was passed with a clause which provided less "reasonable attorney's fees and other proper disbursements." The employer, under our interpretation in *Conrad v. Aero-Mayflower Transit Co.*, 152 Pa. Superior Ct. 477, 33 A. 2d 91, was then chargeable with a proportionate amount of the reasonable attorney's fees incurred in producing the fund, instead of imposing them all on the claimant. The 1945 Act as interpreted in *Kratsas v. Guest*, 166 Pa. Superior Ct. 233, 70 A. 2d 672, required no payment of counsel fees by the employer where the third party settlement was sufficient to pay reasonable fees in addition to the compensation paid by the employer. The 1951 Act provided that reasonable attorney's fees incurred in obtaining a recovery be prorated between the employer and employe.

Appellant carrier relies on the case of *Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co. v. Barco*, 175 Pa. Superior Ct. 369, 103 A. 2d 452, and the *Pope* case, supra, for its position. The former, it must be noted, was decided on the ground that the 1945 amendment applied because the decedent died August 3, 1945, after the effective date of the amendment. The issue here is not the same. The latter case involved the applicability of the 1951 amendment since the accident occurred prior to its passage. No ques-

tion as to future payments or total exposure was involved or considered.

Upon close examination of all the amendments and the interpretation of the legislative intent, the logical conclusion is inescapable that the legislature intended that the employer be required to share the burden of attorney's fees on the basis of its total benefit from the third party recovery, that is, the total amount which the carrier would have been called upon to pay. The argument that it is impossible to determine just what the total savings will be where future payments are concerned is answered by the Act which allows for modification in payments or suspension if certain contingencies arise.

We conclude, therefore, that the employer or its insurance carrier must pay a proportionate attorney's fee on the full amount which it was obligated to pay under the Workmen's Compensation Act, whether paid out or not at the time of the third party settlement, and not only on the amount which it had actually paid. We hold that the board and the court below should be affirmed and that the carrier be required to contribute to the legal fees which represent the successful efforts that resulted in relief to the carrier from paying any further compensation on its existing or future liability.

The order and judgment is affirmed at costs of appellants.