# Wall *v.* Conn Welding & Machine Company et al., Appellants.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

362

Henry E. Rea, Jr.; with him Brandt, Riester, Brandt & Malone, for appellants.

Paul E. Moses, with him Evans, Ivory & Evans, for appellee.

OPINION BY WATKINS, J., March 21, 1962:

This is a workmen's compensation case where the injury was caused by the negligence of a third party. The question before us is whether the employer is liable for the pro rata share of counsel fees based, not only on the amount of compensation already paid but also on the amount of future compensation the employer is relieved from paying as the result of a settlement obtained by the claimant against a third party tortfeasor.

There is no dispute about the facts in this case. On July 26, 1956, Kenneth C. Paden was an employe of the defendant-appellant, Conn Welding & Machine Company, and on that date was fatally injured by an accident in the course of his employment. He was survived by his widow and three minor children.

On August 27, 1956, an agreement was entered into with the defendant's insurance carrier providing for compensation for the widow and her three minor children in an amount payable as provided by the Workmen's Compensation Law. Since that date, the sum of $7,532.50 was paid or accrued to the claimant by way of legal instalments on April 6, 1960, leaving a balance due in future payments under the agreement, of $10,297.04.

A civil action for the wrongful death of the decedent employe was instituted by Milton E. Wall, administrator of his estate, the appellee herein, and was settled on April 6, 1960, for the sum of $77,500. The agreement also included a full settlement of the subrogation interest of the defendant company and its insurance carrier.

The question to be decided by this appeal is whether claimant should be reimbursed for counsel fees on the basis of the proportionate share of the total amount of the compensation awarded, which would include the future compensation payments which the defendant was relieved of paying due to the settlement, or based only on the amount actually paid by the defendant's carrier up to the time of the settlement. The Workmen's Compensation Board held that the claimant was entitled to counsel fees proportionate to benefits received in the settlement of the action which included payment of future compensation in the sum of $10,297.04. The action of the board was affirmed by the County Court of Allegheny County and this appeal followed.

The original Workmen's Compensation Act of 1915, P. L. 736, provided in §319 that the insurance carrier was entitled to recover by way of subrogation all monies paid by it to the claimant without deduction of any counsel fees paid by claimant in effecting such recovery. This section was amended by the Act of June 4, 1937, P. L. 1552, to provide for the payment of the proportionate share of the claimant's counsel fees. *Conrad v. Aero-Mayflower Transit Co.*, 152 Pa. Superior Ct. 477, 33 A. 2d 91 (1943). This was amended by the Act of May 18, 1945, P. L. 671, which required no payment of counsel fees by the employer where the third party settlement was sufficient to pay reasonable fees in addition to the compensation paid by the employer. *Kratsas v. Guest*, 166 Pa. Superior Ct. 233, 70 A. 2d 672 (1950).

Section 319 was again amended by the Act of May 29, 1951, P. L. 507, 77 PS §671, which reads as follows: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the

compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

This Court interpreted this amendment and held: "Upon close examination of all the amendments and the interpretation of the legislative intent, the logical conclusion is inescapable that the legislature intended that the employer be required to share the burden of attorney's fees on the basis of its total benefit from the third party recovery, that is, the total amount which the carrier would have been called upon to pay. The argument that it is impossible to determine just what the total savings will be where future payments are concerned is answered by the Act which allows for modification in payments or suspension if certain contingencies arise." *Soliday v. Hires Turner Glass Co.,* 187 Pa. Superior Ct. 44, 51, 142 A. 2d 425 (1958). So that the law was clear that an insurance carrier must pay to the claimant a proportionate share of the attorney's fees based upon the entire amount of compensation awarded or provided for in a compensation agreement.

Section 319 was again amended by the Act of December 28, 1959, P. L. 2034, §4, effective January 30, 1960, 77 PS §671, the pertinent part of which provides: ". . . reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated be-

tween the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement."

It is without question that the employer received a direct benefit when relieved of future payments of workmen's compensation benefits in the amount of $10,-297.04. It is also without question that justice and equity should require the employer to pay a fee based upon the direct benefits received by being relieved of payment of future compensation benefits and the burden of counsel fees should not be borne entirely by the claimant. However, this involves the construction of a legislative enactment and the determination of the legislative intent is controlling.

The appellant contends that the amendment changed the law as enunciated in the case of *Soliday v. Hires Turner Glass Co.,* supra, and that the language "compensation paid or payable at the time of recovery or settlement" means that the proration of the attorney's fees by the claimant and carrier must be based on the amount of compensation which the claimant had actually received or is due to be paid to him at the date of the recovery bears to the total amount of settlement.

We do not agree with this interpretation of the language of the amendment. Believing as we do that equity and justice are on the side of the claimant we are loathe to read into this legislative action an intent to create an unjust and inequitable result. When the legislature intended to relieve the employer for payment of counsel fees for the collection of hospital, medical or dental expenses, it explicitly so stated in the same amendment of Section 319, by saying: "Without deduction for attorney's fees." The legislature, if it intended to bring about the result contended for by the

appellant, could have been just as explicit. If it intended to consider only compensation already paid to the defendant and instalments due at the time of settlement, the word accrued could well have been used.

We like the practical, common sense discussion of Judge McBride, in the opinion of the court below: "The term compensation payable is used extensively throughout the Compensation Act, and it has acquired a meaning in relation to the Act which must be given effect here. The term compensation payable refers specifically to the amounts the Act has established in the schedule of payments to be paid out to given claimants under certain conditions. Some payments may be outright, others may be made over extensive periods of time. While initial determination may be made of compensation payable in a given case, this determination is subject to change with a change in status of claimant where future payments are involved. For this reason the legislature appears to have intended a clarification of the previous Section 319 to fix the time of determination of the status, and therefore, of the amounts payable at the period of settlement. This is clearly necessary because of requirements that change in marital status of the wife, residence of the wife and children, change in disability of claimant and so forth produce a corresponding change in the amount payable. At the time of settlement the amount payable could be very different than the amount payable at the time of award of compensation or at the time of commencement of a suit prior to settlement."

Section 316 of the Act, 77 PS §604, provides for commutation of compensation. By this provision, compensation "may at any time be commuted by the board to its then value when discounted at five per cent. interest" if it appears that such will be for the best interest of the employe or his dependents, if he is deceased. This clearly indicates a legislative intent that

"the legal right to compensation payable" is fixed by the settlement or award, but presently due and payable in the future. Otherwise it couldn't be reduced to present value by commutation as provided in section 316. And as indicated by counsel for the appellee, if we did hold that counsel fees paid are to be measured by only accrued payments of compensation, claimants then would request commutation or delay before settling with third party tortfeasors in order to obtain the defendant's share of counsel fees.

In seeking guidance in the construction of statutes and determining the intent of the legislature the title may be taken into consideration. *Hoffman v. Pittsburgh*, 365 Pa. 386, 398, 75 A. 2d 649 (1950). There is no indication in the title of this legislation to indicate a change in the law as to proration of attorney's fees in subrogation cases. The question, although dealing with the proration of attorney's fees, does affect subrogation rights and "subrogation is an equitable doctrine and its basis is the doing of complete, essential and perfect justice between all parties without regard to form." *Furia v. Phila.*, 180 Pa. Superior Ct. 50, 54, 118 A. 2d 236 (1955).

The workmen's compensation law being remedial legislation must be liberally construed and borderline interpretations resolved in favor of those it intended to benefit. We agree that "compensation payable" as used throughout the Workmen's Compensation Act has a recognized and distinct meaning as words of art and the amount established by the Act in the schedule of payments as set forth in an award or agreement includes the total obligation, whether accrued or payable in the future. "The employer is thus required to share the burden of obtaining recovery from a third person." 42 P.L.E. §496.

As we have determined that the amended section was not intended to change the law but rather intended

to reaffirm the equitable principles embodied in the law as set forth in the *Soliday* case, the second question raised in the appellee's brief as to whether the amended section was intended to be applied retroactively is moot and need not be discussed.

Order affirmed.

DISSENTING OPINION BY WRIGHT, J.:

It is a fundamental rule of statutory construction that a change of language indicates a change of legislative intent. See *Haughey v. Dillon,* 379 Pa. 1, 108 A. 2d 69; *Sekel v. Iagenemma,* 170 Pa. Superior Ct. 621, 90 A. 2d 587. The amendment of December 28, 1959, P. L. 2034, 77 P.S. 671, can only mean that the proration of attorney's fees between claimant and carrier should be based on the amount of compensation which claimant has actually received or is owed at the date of recovery from the tortfeasor. It is my view that this amendment was intended to, and did, change the rule enunciated in *Soliday v. Hires Turner Glass Co.,* 187 Pa. Superior Ct. 44, 142 A. 2d 425.

WOODSIDE, J., joins in this dissenting opinion.