Mazzeo *v.* M. & J. B. McHugh et al., Appellants.

Argued September 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for appellants.

*Alexander F. Barbieri,* for appellee.

OPINION BY WRIGHT, J., November 15, 1962:

This is a workmen's compensation case. We are here concerned with an appeal by the employer and its insurance carrier from an order of the court of common pleas affirming a decision of the workmen's com-

pensation board reinstating claimant's compensation. The dispute involves the amount of credit which should be allowed as a result of the settlement of a suit by claimant against a third party tortfeasor.

On December 12, 1954, Francesco Mazzeo was employed as a laborer by M. & J. B. McHugh, general contractors. While in the course of his employment, Mazzeo was struck by a tractor-trailer owned by Biter's Transfer Company, and operated by one of its employes. As the result, claimant's pelvis was fractured and he was totally disabled. Under date of December 23, 1954, an open compensation agreement was executed calling for the payment of $32.50 per week. Mazzeo thereafter instituted a trespass action against Biter's Transfer Company and, on July 24, 1956, settlement of this action was accomplished for a gross sum of $32,500.00. Compensation payments were thereupon discontinued. At that time the carrier had paid $4,-889.44 by way of compensation and medical expenses. This sum was repaid to the carrier by way of subrogation, less an attorney's fee of twenty-five percent. After the deduction of the gross subrogation payment, and certain incidental costs amounting to $533.05, the balance of $27,077.51 was divided equally between claimant and his attorney, or $13,538.76 to each.

The present proceeding had its inception in a petition for reinstatement filed by claimant on July 23, 1958, in which he alleged that he was still totally disabled, and desired "to establish my right to compensation and the extent of subrogation allowable against compensation payable to me". In its answer to this petition, the carrier asserted that claimant had received in the third party action a sum in excess of its total compensation liability. At the hearing before the referee there was no dispute as to the facts. Counsel for the carrier took "the position here that the fee which was charged by the attorney . . . of fifty percent on a

settlement of the net amount, is unreasonable, an unreasonable fee". Counsel for the claimant took the position (a) that it was the carrier's burden to show that the fee was unreasonable, (b) that the compensation authorities did not have jurisdiction to fix the fee in the third party action, and (c) that the carrier should have questioned the reasonableness of the fee at the time of the third party settlement. The referee concluded that, since claimant had been charged a counsel fee of fifty percent, the carrier was entitled to a credit against compensation due after the settlement in amount of fifty percent of $13,538.76, or $6,769.38, and made an award accordingly. The board sustained the referee, and the court below affirmed the decision of the board.

Appellant's contentions are, first, that the claimant had the burden of proving the reasonableness of the fee charged by his attorney in the third party settlement; second, that the workmen's compensation authorities had jurisdiction to determine the reasonableness of the attorney's fee; and third, that the insurance carrier is not "bound" by the fee which was actually charged. In our view of the case it is unnecessary to discuss the first and second questions raised.

So far as the third question is concerned, this claimant admittedly suffered a compensable accident. He is admittedly still totally disabled. He was admittedly charged a fee of fifty percent in the third party settlement. The employer was fully aware of the third party action, participated in the distribution of the proceeds thereof, and raised no question about the fee charged to claimant until after the instant petition was filed. It is our view that the referee, the board and the court below properly held that this fee should be pro-rated with the employer. If the fee should be fixed at less than fifty percent, this claimant would be penalized by the employer's delay in raising the issue. We adopt

with approval the following excerpt from the able opinion of Judge McClanaghan:

"We find no merit in the contentions advanced by the appellant. Appellant was represented by counsel in the third party settlement. It was aware, or should have been aware, that the attorney's fee paid by the claimant in said settlement might well affect the amount of credit due it as advance payment of compensation under the Act. Nevertheless, it was not until almost two years following said settlement when claimant filed his petition to reinstate the compensation agreement that appellant sought to question the reasonableness of said attorney's fee. It had adequate notice of the settlement, sufficient opportunity, and the procedure was available to it, to intervene in questioning the reasonableness of the attorney's fee. Instead, it participated both in the settlement and in the distribution of the proceeds, without seeking a determination at that time of the reasonableness of said attorney's fee. It would seem therefore, in the absence of any evidence that the fee was unreasonable and unconscionable, to be inequitable to allow appellant thereafter to question the reasonableness of the attorney's fee".

Order affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I am of the opinion that the majority has denied appellants their day in court and the opportunity to demonstrate that the fee paid by appellee to his attorney in the third-party action was unreasonable. The employer and its carrier are not required to share in every such fee but only in "reasonable attorney's fees".[1]

---

[1] Section 319 of Workmen's Compensation Act of 1915, June 2, P. L. 736, as amended by the Act of 1951, May 29, P. L. 507, 77 P.S. 671.

The reason assigned for the majority ruling is that appellants did not question the reasonableness of the fee at the time of the third-party settlement on July 28, 1956, when the fee was paid. However, it was not until our decision filed June 11, 1958, in *Soliday v. Hires Turner Glass Co.*, 187 Pa. Superior Ct. 44, 142 A. 2d 425,[2] that it was definitely decided that the act referred to in footnote (1) was applicable to future payments of compensation. Such being the case, appellants should not be precluded from raising the issue thereafter, when additional demands were made upon them by the injured employe.

I am of the further opinion that the Workmen's Compensation Board is a proper tribunal to resolve this issue.

Therefore, I respectfully dissent.

---

[2] *Furia v. Philadelphia*, 180 Pa. Superior Ct. 50, 118 A. 2d 236, was not a case under the Workmen's Compensation Act, and therefore did not establish such liability.