Gold Star Service, Inc. and Pennsylvania Manufacturers Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Albert Tullio, Appellees.

Argued June 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

David J. Reedy, Jr., for appellant.

J. Brian Foley, with him James N. Diefenderfer, for appellees.

OPINION BY JUDGE ROGERS, August 5, 1975:

The facts of this workmen's compensation case are as follows: The claimant, Albert Tullio, slipped and fell at his place of employment. He was paid compensation for total disability under an agreement for about four months. The employer (by which word we mean to include its carrier) then filed a petition to modify and by agreement, confirmed by decision of the referee, payments were thereafter made for 55% partial disability. The instant proceedings were a consolidation of the employer's petition to terminate and Tullio's application for modification claiming recurrence of total disability. A referee found that total disability had recurred and awarded the claimant compensation for total disability. The propriety of this finding and this conclusion, affirmed by the Workmen's Compensation Appeal Board, is not questioned in this appeal.

That which is in question is the Board's disposition of the employer's claim for subrogation to a recovery by the

claimant in litigation against a third party. At the referee's hearing the parties entered into a brief stipulation of the following facts: that Tullio recovered against the third party at the hands of a jury the sum of $37,219; that of this sum the employer received $7702.51 for compensation theretofore paid; that the employer paid Tullio's attorney, pursuant to an agreement between the employer and the attorney, a fee in the amount of $2567.50 for the recovery of this amout of $7702.51; that Tullio paid the attorney the sum of $15,967.06, $14,887.66 of which was for counsel fee and the balance of $1079.40 for trial costs advanced; that $7702.51 having been paid to the employer, Tullio was entitled to receive from the verdict the sum of $29,516.49, subject to the payment of his attorney's fees and expenses; that after paying the fees and costs due his attorney in the amount of $15,967.06, Tullio received the amount of $13,549.49. There is nothing in the stipulation or elsewhere in the record showing that Tullio's agreement with the attorney was that he would pay fees based on only the amount due him after the payment of the employer's claim for subrogation for past compensation—that is, on the sum of only $29,516.49. Nor is there any evidence that the employer's and Tullio's agreements with the attorney were other than completely separate arrangements.

The referee and the Workmen's Compensation Appeal Board were required to determine on these facts the proper application of Section 319 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671 which, at the time relevant to the proceedings, provided as follows:

"When the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the

employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents and shall be treated as an advance payment by the employer on account of any future installments of compensation."

The Workmen's Compensation Appeal Board concluded that the proper application of that section to these facts required the following: (1) that the employer's liability for future compensation payments, payable for life, could exceed $37,219 and that therefore the employer was entitled to subrogation against the entire recovery[1]; (2) that the employer having recovered past compensation paid in the amout of $7702.51, was therefore entitled to a credit against future payments of compensation in the amount of $29,516.49, subject to reimbursing Tullio for counsel fees and costs paid by him on this amount; (3) that the $15,967.06 paid by Tullio to his attorney was 42.9% of the total recovery of $37,219; that the carrier should therefore pay to Tullio 42.9% of weekly compensation during each week it thereafter took credit against future payments of compensation on the amount of $29,516.49, thus reimbursing Tullio in the amount of $12,662.57; (4) that the remaining $3304.37 necessary to fully reimburse Tullio for the $15,967.06 paid by Tullio to his attorney should be paid by the employer in a lump sum.

The carrier complains of having to pay the $3304.37, pointing out that attorney's fee of $14,887.66 paid by Tullio is more than 50% of $29,516.49, the amount which

---

1. Tullio has not appealed and this determination is not in issue.

it refers to as the claimant's "net recovery." It might further have complained that as a result of its payment to counsel of $2,567.50 for the recovery of the $7702.51 it will, if required to reimburse the claimant in the amount of $3304.37 as fees for the recovery of the same amount, have paid out in fees 76% of $7702.51. Neither the complaint made nor that suggested has merit on the meager facts presented.

First, as noted, there is no evidence that Tulio's agreement with is attorney was to pay fees based only on the amount of the recovery after the deduction of the amount due the employer as subrogation for compensation paid. Second, there is no evidence that Tullio knew of the employer's arrangement to pay counsel $2567.50 (one-third of the amount received as subrogation for such past payments of compensation) when Tullio made his agreement on fees with his attorney. Third, there is no evidence that the employer attempted to coordinate its arangement for fees on its subrogation claim for past compensation with Tullio and his counsel. Fourth, the employer did not complain of the excessiveness of the fees paid by Tullio, or by it and Tullio, at the hearing. Finally and most persuasively, Section 319 provides that reasonable attorneys' fees and other proper disbursements shall be prorated for payment. Since the employer is being subrogated to the full amount of the recovery, it is required by the statute to pay the full amount of the fees disbursed. It is true that Section 319 mentions *reasonable* fees. However, in the absence of proof that Tullio agreed to pay fees only on the amount recovered less the amount of past compensation paid ($29,516.49), it was not improper for the Board to conclude that Tullio paid fees and costs equal to 42.9% of the total recovery. Without information in the record concerning the complexity or difficulty of the third party litigation, we are unable to conclude that this fee was unreasonable. While undoubtedly counsel in the third party litigation made out very well indeed, his total fees received from Tullio and

the employer being $18,534.56, or 49.8% of the total recovery, we see no reason why the onus of these perhaps improvident arangements should fall upon Tullio, as the employer suggests it should.

Turning to the authorities on the subject, we note that in *Long v. Marino Masse, Inc.*, 205 Pa. Superior Ct. 344, 350, 208 A.2d 920 (1965), now President Judge WATKINS wrote:

> "The theory of subrogation is that the employer is entitled to credit in compensation payments for the fund created by the third-party suit but must pay in this case, the full amount of the costs creating that fund."

*See also Wal v. Conn Welding & Machine Company*, 197 Pa. Superior Ct. 360, 179 A.2d 235 (1962), and *Soliday v. Hires Turner Glass Co.*, 187 Pa. Superior Ct. 44, 142 A.2d 425 (1958).

We further direct the attention of the carrier in this case and others to the cautionary remarks of Justice BARBIERI in his recently published work, Pennsylvania Workmen's Compensation, at Section 5.46(4), Vol. I, page 162, as follows:

> "It has been held, also, that whatever the percentage rate is in contingent fee recoveries, this percentage will not be limited to the lump recovery from the third party but will be applied as well by a credit to the employe against future compensation payments which might otherwise be suspended because of the extent of net recovery realized on the negligence claim. An employer or its insurance carrier must be alert to the subrogation proceeding, since the failure to participate in a settlement with a third party and to raise any question concerning the percentage charged the employe in the negligence case, leaves the employer or insurer without any standing to contest that percentage figure when the subrogation in the workmen's compensation case becomes a question. Thus, in a case where, on the settlement with the

third party, counsel charged 50% of the net recovery, and this percentage was far beyond what the workmen's compensation authorities would have allowed as a deduction from weekly compensation payments for services in the compensation case, it was ruled nevertheless that the insurance carier was only entitled to a credit against future compensation payments to the extent of one-half of the net recovery in the negligence case." [Citing *Mazzeo v. M. & J. B. McHugh,* 199 Pa. Superior Ct. 400, 185 A.2d 638 (1962).]

## ORDER

AND NOW, this 5th day of August, 1975, it is ordered that the employer and/or its carrier shall do the following:

BEGINNING September 2, 1971, the companion petition to modify and reinstate the total disability payments is granted and as of said date the Defendant is directed to pay to the claimant compensation at the rate of $52.50 per week from September 2, 1971, continuing to August 11, 1972, the date of hearing and indefinitely thereafter subject to the limitations of the Act.

Deferred payments of compensation shall bear interest at the rate of six per centum per annum from the due date thereof.

With regard to the payments directed by the preceding two paragraphs, the employer may take credit for the liability to make said payments against the sum of $29,516,49. When the credits taken equal said sum, then the employer shall make payments without credit as above directed.

For each week that the employer takes credit for the payment of compensation, the employer shall pay to claimant an amount equal to 42.9% of said weekly compensation credited, as a payment by the employer to reimburse claimant for counsel fee and costs.

In addition, the employer shall pay claimant interest at 6% per annum as follows:

For the period February 18, 1970 to the date of receipt by claimant of the net proceeds of his jury verdict, on each weekly amount of compensation taken credit for that period; thereafter, on the amount of 42.9% of the weekly compensation credited, paid to claimant as a contribution toward counsel fee and costs, from the due date of said weekly payment until the date of payment.

Finally, the employer shall pay to claimant the sum of $3,304.49,[2] being the sum allocable to counsel fee and costs attributable to the reimbursement to the employer for compensation paid in the amount of $7,702.51, plus interest.

President Judge BOWMAN dissents.

———

DISSENTING OPINION BY JUDGE WILKINSON:

I must respectfully dissent. Section 319 of the Workmen's Compensation Act, quoted by the majority, plainly provides:

". . . ; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. . . ."

The term "reasonable attorney's fees" does not relate only to the percentage of a contingent fee, i.e., whether it is 33%, or 40%, or 73%. It relates also to the basis on which the fee is computed.

As applied by the majority in this case, the attorney for the employee is paid 40% of $37,219.00 as due from the employee, and 33% of $7,702.51, being part of the $37,219.00 for which the attorney has already been paid 40%. The percentages need not be discussed, for my position is the same regardless of moderate or excessive percentages involved. In my opinion, it is a clear abuse of

———

2. The board incorrectly calculated this amount to be $3,304.37, as indicated earlier in this opinion. However, we note that the proper calculation should be $3,304.49.

discretion for the Appeal Board to approve as reasonable an arrangement by which the employee's attorney is paid twice for the same work. Indeed, under no circumstances could this be categorized as following the mandate of the law to prorate the reasonable attorney's fees—prorating certainly presupposes one fee for one job, not two.

The Workmen's Compensation Appeal Board, in its opinion, candidly states:

> "The fee and costs are paid, and were, in effect, paid by claimant, because his counsel deducted these amounts before turning over any funds to claimant.... Counsel for claimant, therefore, received a counsel fee of 40% of said amount ($7,702.51) from claimant, and a counsel fee of 33% of said amount from the carrier, or a total counsel fee of 73% of said amount. This cannot be condoned. In effect, counsel for claimant was also in this particular venture representing also the carrier. We have no power to direct counsel for claimant to repay the 33% to the carrier, but we can direct the employer (carrier) to reimburse claimant for the fee and costs attributable to the payment of $7,702.51."

Certainly the Appeal Board and the majority of this Court are not only condoning it, but they are ordering the employer (carrier) to reimburse the employee for funds withheld by employee's attorney. If the attorney for the employee has improperly withheld funds he received on behalf of the employee, there certainly are avenues available to the employee for requiring the attorney to account for the funds. If the funds were properly withheld, then the fee arrangement made between employee with his attorney for duplicate fees was unreasonable and not recoverable under the Act.

I would modify the order of the Workmen's Compensation Appeal Board so as not to require the employer to repay the $3,081.00 withheld by the employee's attorney as a duplicate fee.

Judge KRAMER joins in this dissent.