Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Sally McDonough, wife of Daniel J. *v.* John Del Vecchio and The Borough of Clarks Green and William P. Healey and John Del Vecchio, Partners, t/a H & H Service. John Del Vecchio, Appellant.

Argued January 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph A. Murphy*, with him *John R. Lenahan, Anthony J. Piazza* and *Lenahan, Dempsey & Murphy*, for appellant.

*Paul A. Barrett*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, February 9, 1976:

This is the appeal of an employer and its insurance carrier from the decision of the Workmen's Compensation Appeal Board directing them to reimburse a claimant for costs and attorney fees spent in obtaining a recovery against a third party of money to which the appellants were subrogated. We affirm the decision of the Board.

Daniel J. McDonough was killed in a motor vehicle accident while in the course of his work for the employer. A referee awarded workmen's compensation death benefits to his widow in the amount of $94.00 per week. The award was not appealed.

Mr. McDonough's widow brought a wrongful death and survival action against the third party, which, after trial was commenced, was settled for $53,250.00. Ms. McDonough had agreed with her counsel in the trespass suit to pay him one-third of the amount recovered before or after suit. Pursuant to an agreement between the widow-claimant and the appellants, the former filed a petition with the Workmen's Compensation Appeal Board that it determine the amount in which the claimant should be reimbursed by the defendant's carrier for the attorney fees and costs incident to the third party litigation.

The Board decided (1) that the appellants were entitled to subrogation in the full amount of the third party settlement, (2) that the fee agreed to by the claimant and her counsel was reasonable, (3) that the appellants should reimburse the widow for counsel fees at the rate of $31.33 per week for 558 weeks, and (4) that if the appellants persisted in their objection to certain trial costs amounting to $1,627.55 (which would require an additional reimbursement of $2.92 weekly for 558 weeks) the matter should be remanded to a referee for a determination of whether the costs were proper disbursements in the third party suit. The appellants persisted in their objections. After hearing, the referee found that the trial

costs were proper disbursements. The Board affirmed the referee and this appeal followed.

The defendant has taken this appeal, principally contending that the reimbursement provisions of Section 319 of the Workmen's Compensation Act[1] are unconstitutional. Section 319 provides:

> "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

The appellants say that from their right of subrogation to the claimant's third party claim should flow the right to participate in the selection of counsel for the third party claim, the right to participate in the fee agreement between that counsel and claimant, and the right to participate in decisions concerning expenses incurred in the third party action. They contend that since Section 319 affords them none of these rights, it denies them procedural due process, is unconstitutional and that they

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671.

must be subrogated to the full recovery but may not be required to pay any of the expenses. We certainly find no merit in these contentions.

The right to subrogation derives from equitable principles. Equity to the claimant in a workmen's compensation case clearly demands that the subrogee of a fund created by a claim pursued by the claimant should be required to contribute proportionately to reasonable fees and costs expended in producing the fund. *Soliday v. Hires Turner Glass Co.*, 187 Pa. Superior Ct. 44, 142 A.2d 425 (1958); *Furia v. City of Philadelphia*, 180 Pa. Superior Ct. 50, 118 A.2d 236 (1955). The simple answer to the proposition that the constitution requires that subrogees should have the right not only to fund but also the participation in decisions concerning the prosecution of the third party litigation, is that the claim against, and damages received from, third parties are the workman's and his alone. The appellant's only right in the fund created by Ms. McDonough was by way of subrogation. *Furia v. City of Philadelphia, supra.* The appellant's interest in the amount of fees and costs is sufficiently protected by the requirement of Section 319 that such be reasonable and proper.

The defendant also urges us to read Section 442 of the Workmen's Compensation Act, 77 P.S. §998, which declares attorney fees of 20% in matters before a referee or the Board to be reasonable, as a declaration that a fee in excess of that amount is excessive. Section 442 does not speak to attorney fees in third party litigation. Further, the Board found the fee agreed to be paid in this case to be reasonable, and that finding is entirely consistent not only with Section 442 but also with case law. Attorney fees of one-third were held to be reasonable in *Furia, supra,* and in *Long v. Marino Masse, Inc.,* 205 Pa. Superior Ct. 344, 208 A.2d 920 (1965). In *Gold Star Service, Inc. v. Workmen's Compensation Appeal Board,* 21 Pa. Commonwealth Ct. 1, 342 A.2d 459 (1975), in somewhat special circumstances, we upheld a Board's

order of reimbursement to a claimant who paid attorneys' fees amounting to 43% of the third party recovery.[2]

The appellant's continued objection to the trial costs, which the referee found to be proper disbursements, is without merit. The record contains substantial evidence supporting the finding and it will not be disturbed. *Reed v. Glidden*, 13 Pa. Commonwealth Ct. 343, 318 A.2d 376 (1974).

Accordingly, we enter the following:

### ORDER

AND NOW, this 9th day of February, 1976, the Order of the Workmen's Compensation Appeal Board is affirmed; John Del Vecchio, the employer, and Rockwood Insurance Company, its carrier, shall reimburse the claimant, Sally McDonough, for counsel fees at the rate of $31.33 per week and for trial costs in the amount of $2.92 per week, both commencing September 18, 1972 and both continuing for a period of 558 weeks. The employer shall take credit for 68 weeks reimbursement for counsel fees already paid to January 7, 1974 and for 76 weeks reimbursement for costs also already paid. Deferred payments shall bear interest as provided by law.

---

2. *See also Mazzeo v. M.&J.B. McHugh*, 199 Pa. Superior Ct. 400, 185 A.2d 638 (1962), and 1 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease*, §5.46(1) (1975).