## Prem v. Johns-Manville Products Corporation

*William R. Caroselli,* for plaintiff.
*William R. Tighe,* for defendants.
*Michael V. Gilberti,* for additional defendant.

DEL SOLE, *J.,* February 27, 1981 — The question before the court is whether plaintiff's employer can be joined as an additional defendant in a negligence action, where the accident in question occurred after the effective date of the Pennsylvania comparative negligence act, Judicial Code, 42 Pa.C.S.A. §7102. The original defendant in this case now contends that because of this statute the employer must be joined so as to properly determine the percentage of causal negligence of each tortfeasor.

It should first be noted that the constitutionality of section 303(b) of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(b), has previously been upheld by our courts. See Tsarnas v. Jones & Laughlin Steel Corporation, 488 Pa. 513, 412 A. 2d 1094 (1980), opinion of Flaherty, J. Therefore, this court must now determine whether the legislation, in view of the prior decisions of the courts of the Commonwealth prohibiting the joinder of an employer under these circumstances, should be considered as having modified the above cited section of the compensation act.

The court is mindful of the cases of Yeagley v. Metropolitan Edison Co., 16 D. & C. 3d 681 (1980), opinion of Gates, P.J., and Flack v. Calabrace, 15 D. & C. 3d 765 (1980), opinion of Keim, P.J.,

wherein it was held that the additional defendant-employer must be joined in a case of this type.

While this court sees the wisdom of joining the employer in personal injury actions brought by an employe so that the issue of the employer's rights of subrogation can be dealt with either at settlement or trial, the court is of the opinion that the comparative negligence act did not and does not modify the Pennsylvania Workmen's Compensation Act. Section 303(b) of the Pennsylvania Workmen's Compensation Act provides:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contribution or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

This provision has been interpreted to completely abolish tort actions *against* an employer for injuries or death suffered by an employe while in the course of his or her employment. It also grants to employers total immunity from third party actions seeking contribution or indemnity such as those presently before the court. Presumably aware of these interpretations, the legislature passed the

Pennsylvania comparative negligence act. Nowhere in that act is there any reference to the Pennsylvania Workmen's Compensation Act, nor was section 303(b) of the Workmen's Compensation Act amended in any way. If the legislature intended a result such as that urged here by original defendants, it certainly could have said so. Also, the argument that the joinder of an employer is necessary so that the negligence of the employer can properly be determined is not a novel one. This argument could have been made and was made in cases that arose prior to the passage of the comparative negligence act. This court can see no real difference in the argument made by the parties here. A third party in those prior cases is also deprived of the benefit of having an employer on the record as a party-defendant. Yet it was held that the employer could not be joined. The argument in this case and the opinions of Judges Gates and Keim discuss the unfairness of not having the contribution of the employer determined. This is, indeed, a matter for the legislature.

What we are dealing with here is the social implication of section 303(b) which caused Justice Flaherty in Tsarnas, supra, to comment as follows, at p. 523, 412 A. 2d 1099:

"It has been said that legislation similar to section 303(b) has been severely criticized by courts and commentators and that it results in 'too absolute a victory for the employer.' It may even be that section 303(b) is a legislative over-reaction to the rising costs of Workmen's Compensation insurance coverage, and that if its purpose is to more evenly distribute economic losses, it has fallen short of its goal. But surely these are arguments grounded not

on constitutional precepts, but on social policies. As such, they must be addressed to the legislature, and not to the courts."

However, the Supreme Court in Tsarnas, supra, reserved the question of the employer's right of subrogation, and stated at p. 520, fn.2, 412 A. 2d 1097, fn.2, "we leave for another day the issue as to whether the employer's right of subrogation nevertheless remains unimpared."

Similarly, the concurring opinion in Tsarnas states, at p. 524, 412 A. 2d 1099; "I join in the result of the majority with the condition that the employer's right to subrogation is not automatic. The employer must in some judicial proceedings establish its freedom from fault in order to be subrogated."

To allow an employer to reap the benefits of his employes' claim without any determination of the employer's fault, results in an unconscionable enrichment of the employer. Further, not having the employer on the record frustrates judicial administration in allowing a non-party the ability to control settlement.

A careful reading of section 303(b) of the compensation act reveals that this need not be the case. The operative language of that section eliminates claims for "damages, contribution, or indemnity by actions . . ." against the employer. This language does *not* automatically insure the employer's subrogation interests nor does it exempt the employer from suit involvement to determine its right to subrogation.

Courts have traditionally strived to include all claims that can be resolved in one action. This promotes judicial economy and reduces litigation costs which would result from a multiplicity of lawsuits.

To achieve this end, it becomes obvious that the employer should be joined as plaintiff pursuant to Pa.R.C.P. 2227 or 2229 either as a voluntary or involuntary plaintiff.

Bringing the employer on the record as a plaintiff is for the sole purpose of determining the percent of the employer's negligence, if any, in the happening of the accident. The extent of the employer's involvement in the lawsuit by his employe is only to determine the employer's degree of negligence and may not operate to reduce the third party's ultimate responsibility to pay a verdict rendered by the factfinder. This is obvious since section 303(b) eliminates the right of contribution.

Therefore once the employer is on the record as a plaintiff, his percentage of negligence can be determined. If the employer is *not* negligent *to any degree* he recovers his subrogation interests. However, if he *is* negligent *in any degree,* his right of subrogation is eliminated and plaintiff-employe can still collect his entire recoverable verdict from any other party held responsible.

This procedure will operate to prevent a negligent employer from reaping unfair benefits as a result of his employe's lawsuit. Further, it will promote judicial economy in seeing to it that all parties who have an interest in the litigation are present on the record.

The procedure here does not operate in derogation of 77 P.S. §671 which provides the employer's subrogation rights. That section only permits recovery of subrogation by an employer from a party responsible in whole or in part. It does not deal with the negligent employer and its right of subrogation.

Prior to the enactment of section 303(b) this section when applied to negligent employers did not

permit a subrogation recovery by a negligent employer but only a reduction, by contribution, of the third party's liability (i.e., an employe's award against a negligent employer and negligent third party was reduced by compensation paid and payable): Stark v. Posh Construction Co., 192 Pa. Superior Ct. 409, 162 A. 2d 9 (1960).

Since section 303(b) eliminates contribution by an employer, the award cannot be reduced by the amount of compensation paid and/or payable. However, at no time would a negligent employer recover its compensation via subrogation. This has not been changed by section 303(b) legislation and is in keeping with the equitable nature of the doctrine of subrogation: Meehan v. Philadelphia, 184 Pa. Superior Ct. 659, 136 A. 2d 178 (1957); Workmen's Compensation Appeal Board v. Del Vecchio, 23 Pa. Commonwealth Ct. 244, 351 A. 2d 691 (1976); Arendas v. Rich & Co., 220 F. Supp. 957 (W.D. Pa. 1963).

Therefore, an appropriate order will be entered sustaining the motion for summary judgment on behalf of Jones & Laughlin Steel Corporation as an additional defendant but ordering that Jones & Laughlin Steel Corporation will be joined as a plaintiff in the action solely for the purpose of determining what degree of negligence is attributable to it.

Further, since plaintiff-employe will be introducing evidence with regard to medical expenses, lost wages and other matters and any other matters for which compensation would be recoverable, the fact that compensation was paid need not be presented to the jury.

## ORDER

And now, February 27, 1981, it is hereby ordered

that Jones & Laughlin Steel Corporation's motion for summary judgment is granted and judgment is entered in favor of Jones & Laughlin Steel Corporation as an additional defendant.

It is hereby further ordered that Jones & Laughlin Steel Corporation is joined as a party-plaintiff in the case above captioned and that the pleadings filed by the original defendant against Jones & Laughlin Steel Corporation-additional defendant shall be deemed a counterclaim by original defendants against plaintiff, Jones & Laughlin Steel Corporation and their pleadings shall be deemed a reply thereto.